IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff*, <br> v. <br><br> 3.92 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:18-CV-258-BO |
| ATLANTIC COAST PIPELINE, LLC, <br> *Plaintiff*, <br> v. <br><br> 1.705 ACRES, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA *et al.*, <br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:18-CV-387-BO |

ORDER

This cause comes before the Court on a consolidated motion by the defendant landowners in these two cases seeking attorney fees and costs. Plaintiff has responded in opposition and the time for filing a reply has expired. In this posture, the motion is ripe for ruling.

BACKGROUND

On September 18, 2015, plaintiff, Atlantic Coast Pipeline or ACP, filed an application for a certificate of public convenience and necessity with the Federal Energy Regulatory Commission (FERC), seeking permission to construct an approximately 600-mile pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina. FERC issued ACP a certificate of public convenience and necessity on October 13, 2017, authorizing ACP to construct the pipeline. *See generally* [DE 1-2]. In order to construct the

pipeline, ACP needed to acquire both temporary and permanent, exclusive easements on the subject properties along the FERC-approved pipeline route.

To that end, ACP filed in this Court more than seventy complaints in condemnation pursuant to 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. In each complaint, ACP sought an order allowing the taking of certain interests in real property, immediate entry and possession of real property, and the ascertainment and award of just compensation to the owners of interest in the subject real property pursuant to its power of eminent domain as authorized by Section 7(h) of the National Gas Act.

Partial summary judgment was entered in ACP's favor in some cases, many cases settled, and several were stayed for a period pending other litigation. On July 5, 2020, ACP announced the cancelation of its pipeline project. In the above captioned cases, ACP filed a notice of voluntary dismissal on August 17, 2020, pursuant to Rule 71.1(i)(1)(A) of the Federal Rules of Civil Procedure. The voluntary dismissal was filed prior to ACP acquiring any title or lesser interest in the subject property and prior to any hearing on compensation. This motion followed.

## DISCUSSION

In condemnation cases, the general rule is that litigation expenses are nonrecoverable, but Congress created a narrow exception to that rule when it enacted the Uniform Relocation Assistance and Real Property Acquisition Policies Act (the Relocation Act). *United States v. 410.69 Acres of Land, More or Less in Escambia Cty., State of Fla.*, 608 F.2d 1073, 1076 (5th Cir. 1979). The Relocation Act was enacted to "establish[] a uniform policy for the fair and equitable treatment of persons displaces as a direct result of programs or projects undertaken by a federal agency." 42 U.S.C. § 4621(d). As applies specifically to litigation expenses in condemnation proceedings, the Relocation Act provides that

2

> The Federal court having jurisdiction of a proceeding instituted by a Federal agency to acquire real property by condemnation shall award the owner of any right, or title to, or interest in, such real property such sum as will in the opinion of the court reimburse such owner for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of the condemnation proceedings, if--
> (1) the final judgment is that the Federal agency cannot acquire the real property by condemnation; or
> (2) the proceeding is abandoned by the United States.

42 U.S.C. § 4654(a).

A federal agency is defined by the Relocation Act to include "any person who has the authority to acquire property by eminent domain under Federal Law." 42 U.S.C. § 4601. ACP does not dispute that it is a federal agency for purposes of § 4654(a) because it was granted authority to acquire property by eminent domain under federal law pursuant to its FERC Certificate and the Natural Gas Act. Nor does ACP argue that the defendants are not the proper landowners or that the proceeding has not been abandoned. Rather, ACP argues that it is not required to pay attorney fees and expenses to the defendant landowners under § 4654(a)(2) because it is not the United States. In support, ACP relies on a decision of the Ninth Circuit, in which the court held that

> [g]iven our interpretation of the term [the United States], the landowner's right to costs and fees is triggered only when the federal government abandons a condemnation proceeding, not when a private entity such as Transwestern does so, even if that private entity is exercising federally granted condemnation power.

*Transwestern Pipeline Co., LLC v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1271 (9th Cir. 2010).

This Court respectfully disagrees with the Ninth Circuit's holding. "For reasons that are unknown, the statute uses different language ascribing responsibility for fees" when judgment is entered finding that the property cannot be acquired by condemnation versus when a proceeding is abandoned. *Transcon. Gas Pipe Line Co., LLC v. A Permanent Easement for 0.018 Acres*, No. 09-1385, 2010 U.S. Dist. LEXIS 85393, at *7 (E.D. Pa. Aug. 18, 2010). The legislative history of

3

Section 304 of the Relocation Act, as reflected in a report by the House of Representatives' Committee on Public Works, discusses reimbursing property owners for reasonable litigation expenses following the abandonment of condemnation proceedings instituted by federal agencies and then abandoned by "the Government." H.R. Rep. No. 91-1656, p. 25 (1970). The Supreme Court, when discussing this statute, has also used "Federal agency" and the "Government" interchangeably, referring to the costs placed by the Relocation Act on "the Government," which include reasonable attorney fees following abandonment by "the Government" of a condemnation proceeding. *United States v. Bodcaw Co.*, 440 U.S. 202, 204 (1979).

This suggests that the statute's use of the terms federal agency and United States is ambiguous, and, as identified by the *Transcontinental Gas Pipeline* court, "[t]here are several reasons for applying the abandonment provision to private companies exercising federal authority." *Transcon. Gas Pipe Line* 2010 U.S. Dist. LEXIS 85393, at *8; *see also Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available.").

The first is that in all cases involving a federal agency the Unites States is the proper party. *Id.* Importantly, a private company, here ACP, has absolutely no authority to condemn property absent express statutory authorization. After having been granted such an authorization, the private company in essence stands in the shoes of a federal agency, or in other words, the United States government. *See, e.g.,* 15 U.S.C. § 717f(h). Indeed, this is reflected in the Relocation Act's definition of a federal agency, which includes "any person who has the authority to acquire property by eminent domain under Federal law." 42 U.S.C. § 4601.

4

There is further no appreciable difference from the perspective of the landowner when the proceeding is abandoned versus when judgment is entered against the federal agency. *Transcon. Gas Pipeline*, 2010 U.S. Dist. LEXIS 85393 *8. Finally, Section 304 of the Act, titled Litigation expenses, applies to real property condemnation proceedings instituted by a federal agency; the statute elsewhere does not make a distinction between a federal agency and the United States. *Id.* at *9; 42 U.S.C. § 4654(a).

Other than the decision of the Ninth Circuit cited above, the cases cited by ACP are either inapposite or fail to address the specific issue raised in this case. For example, in *United States v. 410.69 Acres*, 608 F. 2d 1073, while the court determined that the legislative history of the Relocation Act supports a restrictive reading of § 4246(a), it only concluded that such a restrictive reading would prevent an award of litigation expenses where, following the government's dismissal of the condemnation proceeding, the landowner sold the land to the government for his asking price. *Id.* at 1076. Based upon the foregoing, the Court is persuaded that, pursuant to § 4654(a)(2),because the proceeding instituted by ACP has been abandoned, it shall award the defendant landowners such a sum as this Court determines will reimburse the landowners for their reasonable costs, disbursements, and expenses, to include reasonable attorney, appraisal, and engineering fees, which have actually been incurred because of the condemnation proceeding.

Having determined that the it has a statutory duty to award attorney fees and appropriate costs, the Court addresses defendant landowners' fee requests. In case No. 5:18-CV-258, counsel for defendant landowner Cox states that he has expended 11.75 hours in time, which at a rate of $300.00 per hour amounts to $3,525.00 in attorney fees. Cox also seeks $3,000.00 in expenses for appraisal fees. These amounts are supported by an affidavit submitted by counsel. [DE 28-1]. In case No. 5:18-CV-387, counsel for defendant landowner Boykin expended a total of 10.25 hours

5

in time, which at a rate of $300 per hour amounts to $3,075.00 in attorney fees. Boykin also seeks $3,000.00 in expenses for appraisal fees. These amounts are supported by an affidavit submitted by counsel. [DE 28-2].

Plaintiff objects to the fees and expenses requested by arguing that the defendant landowners have not demonstrated that they actually incurred the fees and costs sought, speculating that the counsel may have been working on a contingency basis, and thus no fees have actually been incurred by the defendant landowners. The Court determines that the affidavit of counsel, which does not represent that these matters were undertaken on a contingency fee basis, as well as the exhibits thereto, including the invoice for appraisal fees, are sufficient to establish in this case that the fees and expenses sought were actually incurred. *See United States v. 243.538 Acres of Land, More or Less, In Maui Cty., State of Hawaii*, 509 F. Supp. 981, 987 (D. Haw. 1981). Further, having considered the appropriate factors, *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), including that counsel has been engaged in the civil practice of law, including condemnation proceedings, since 1984 and that his normal hourly rate is $300 per hour, the time and labor expended, and the skill required to perform the legal services, the Court determines that the amount of attorney and appraisal fees requested in both actions is reasonable. The requested attorney fees and expense amounts shall be awarded in full.

## CONCLUSION

Accordingly, for the foregoing reasons, the consolidated motion for attorney fees and costs in the above-captioned cases is GRANTED. The full attorney and appraisal fee amounts requested are reasonable and are awarded to the defendant landowners in these cases.

Defendant landowner Cox is awarded $6,525.00 in attorney fees and expenses. Defendant landowner Boykin is awarded $6,075.00 in attorney fees and expenses.

SO ORDERED, this __16__ day of January, 2021.

                                                                          *Terrence W. Boyle*
                                                                          TERRENCE W. BOYLE
                                                                          UNITED STATES DISTRICT JUDGE